# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| WILLIAM RUSHING, *Individually and on Behalf of all Others Similarly Situated,* <br><br> Plaintiff, <br><br> V. <br><br> WILLIAMS-SONOMA, INC., *et al.* <br><br> Defendants. | CIVIL ACTION NO. 5:18-CV-411-KKC <br> CIVIL ACTION NO. 5:18-CV-420-KKC <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

These matters are before the Court on motions to quash two subpoenas served by the defendants (together, "Williams-Sonoma") in an action pending in the United States District Court for the Northern District of California.

In one action (5:18-cv-411), Lynn A. Rushing is the individual moving to quash the subpoena. In the second action (5:18-cv-420), a company called The Pond Lady, LLC is the movant. The Pond Lady, LLC is jointly owned by Lynn and her husband, William Rushing.

William is the lead plaintiff in the California case, which is a putative class action against Williams-Sonoma. William asserts that he purchased sheets and pillowcases that Williams-Sonoma advertised were 600-thread count. William alleges that the true thread count of the sheets and pillowcases was less than half the advertised thread count. He asserts claims under various California statutes prohibiting false advertising and unfair competition.

Neither of the movants in this Court – Lynn nor The Plant Lady, LLC – is a party to the California action. Nevertheless, Williams-Sonoma alleges that Lynn and the LLC have information relevant to its defense in the California action. Williams-Sonoma alleges that

the credit card used to purchase the bedding that forms the basis for William's suit was purchased on a credit card issued, not to William himself, but to The Pond Lady, LLC. Williams-Sonoma further alleges that the card agreement prohibits the credit card's use for personal, family, or household purposes. This, Williams-Sonoma argues, allows it to assert a defense of "unclean hands" against William's claims.

Towards that end, Williams-Sonoma served two subpoenas in the California case. It subpoenaed Lynn to testify at a deposition and to produce documents relating to the credit card agreement and any documents indicating who has authority to use the card. And it subpoenaed a representative of The Pond Lady, LLC to testify at a deposition and produce documents about a variety of topics including the LLC, any purchases of goods from Williams-Sonoma by the LLC's members, and the use of the credit card at issue by any of the LLC's members.

Both Lynn and The Pond Lady, LLC move to quash the subpoenas served on them. As Federal Rule of Civil Procedure 45 requires, the subpoenas were issued by the California federal court, where the underlying action is pending. Fed. R. Civ. P. 45(a)(2). As the same rule requires, Lynn and the LLC have moved this Court to quash the subpoena, because this is the district where both reside and where the deposition would have to occur. Fed. R. Civ. P. 45(c), (d)(3).

Rule 45 also provides, however, that this Court may transfer a motion to quash to the court that issued the subpoena "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The advisory committee notes to this provision state that transfer to the issuing court "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory

committee's note to 2013 amendment. The party seeking to transfer the action has the burden of proving the exceptional circumstances. *Id*.

The Court finds that exceptional circumstances in this case warrant the transfer of the motions at issue to the California district court. The California court has presided over this action since March 2016. Discovery has been ongoing since May 2017 and the district judge and magistrate judge in the California court have already resolved some discovery disputes between the parties and will soon resolve issues regarding whether the credit card agreement at issue here should be produced. This is because Williams-Sonoma also served a subpoena on Capital One Bank (USA) N.A., the bank that issued the credit card, commanding the bank to produce the agreement. William moved to quash that subpoena in the District of Columbia. On June 19, 2018, that motion was transferred under Rule 45(f) to the California district court for decision. (5:18-cv-420, *Rushing v. Williams-Sonoma, et al*., DE 10 at 2.)

Further, the court presiding over the underlying litigation is better suited to resolve the kinds of objections The Pond Lady, LLC raises to the subpoena. The LLC raises three objections. First, it asserts that William, who owns 80 percent of the LLC, is the appropriate representative to appear in response to the subpoena for The Pond Lady, LLC under Federal Rule of Civil Procedure 30(b)(6). Williams-Sonoma deposed William in his individual capacity on June 11, 2018. The LLC argues that Williams-Sonoma should have conducted its 30(b)(6) deposition of Rushing at the same time.

In support of this argument, The Pond Lady, LLC points out that, absent a court order to the contrary, Federal Rule of Civil Procedure 30(d)(1) limits each deposition to seven hours. It argues that if William is required to appear for a second deposition – this time as the LLC's representative – his total deposition time will exceed seven hours. The LLC further argues that

3

resolving this issue requires a "fact intensive inquiry" of the underlying litigation by the ruling court, which should consider the discovery schedule and the relevance of the information sought by the subpoena. (5:18-cv-420, DE 12 at 8.) The California court is in the best position to undertake such a fact-intensive inquiry of the underlying case to determine whether William should be required to sit for a second deposition as the LLC's representative.

The LLC also argues that the subpoena should be quashed because the deadline for class discovery in the California action was June 19, 2018. Williams-Sonoma argues the depositions do not involve class certification but instead the merits of William's claims. The California court should be permitted to manage the deadlines in the discovery schedule it established. Further, it has the knowledge and expertise to best determine the purpose of the deposition and the relevance of the requested information.

Finally, the Pond Lady, LLC argues that the subpoena is now "irrelevant to the underlying litigation" due to a recent substantive ruling by the California court. (5:18-cv-420, *Rushing v. Williams-Sonoma, et al.*, DE 12 at 4, 6-7.) This is best determined by the court that issued the ruling.

In deciding whether to transfer a motion to quash to the court that issued the subpoena, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas . . . ." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. As to any burden on William as The Pond Lady, LLC's 30(b)(6) representative, he chose to file the underlying action in the California district court. Accordingly, the Court cannot find that litigating this motion in California inflicts an undue burden on him or the LLC he owns.

As to Lynn, her motion to quash could likely be resolved without the physical presence of her or her attorney in California. The advisory committee notes to Rule 45(f) provide that

4

"judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Lynn and the LLC corporate representative must be deposed in Kentucky, even if this motion is transferred to the California court. (5:18-cv-420, *Rushing v. Williams-Sonoma, et al.*, DE 10 at 7.) In addition, the rule provides that attorneys authorized to practice in this Court may file papers and appear on the motion as an officer of the issuing court. Fed. R. Civ. P. 45(f).

Lynn raises privilege issues in her motion to quash that do not appear to require the fact-intensive inquiry of the underlying case that the LLC's objections require. Nevertheless, the subpoena issued to Lynn may well be rendered moot by the California court's rulings on the motions filed by Capitol One and the LLC. Accordingly, it is appropriate to transfer her motion to quash to the court that will render the decisions on the other subpoenas at issue.

For all these reasons, the Court hereby ORDERS that, pursuant to Federal Rule of Civil Procedure 45(f), these matters are TRANSFERRED to the United States District Court, Northern District of California, which is presiding over the underlying litigation of *William Rushing v. Williams-Sonoma, Inc., et al.*, Case No. 3:16-cv-1421-WHO.

Dated July 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY